**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

# MOTION INFORMATION STATEMENT

**Docket Number(s):** 26-02979, 25-445

Caption [use short title]

Reed Smith LLP v. Eletson Holdings Inc.
No. 26-2979

Eletson Holdings Inc. v. Levona Holdings Ltd.
No. 25-445

**Motion for:** Emergency Motion of Reed Smith LLP to Stay the Bankruptcy Turnover Order Pending Appeals

Set forth below precise, complete statement of relief sought:

Reed Smith requests an emergency stay of the turnover order issued by the bankruptcy court and modified by the district court requiring Reed Smith to turn over certain client files to Reorganized Eletson Holdings by October 30, 2026. Reed Smith also requests an administrative stay while the Court considers Reed Smith's motion.

**MOVING PARTY:** Reed Smith LLP

**OPPOSING PARTY:** Eletson Holdings Inc.

☐ Plaintiff ☐ Defendant

☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** See attached addendum

**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

Court- Judge/ Agency appealed from: Judge Liman (SDNY)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☒ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☒ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency: October 29, 2026

The turnover order on appeal requires Reed Smith to turn over privileged, confidential client files to Reorganized Eletson Holdings by October 30, 2026. This Court already has stayed the production of certain Reed Smith client files in related appeal No. 25-445, and the underlying issues are before the Court in that appeal and another appeal, No. 25-176. Argument in those appeals is set for December 16, 2026. Absent a stay, the irreversible turnover of privileged, confidential client files will cause irreparable harm.

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☐ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Mark Harris **Date:** 10/21/2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

# REED SMITH LLP'S MOTION INFORMATION STATEMENT - ADDENDUM

**Moving Attorneys**

Marshall R. King
Nancy E. Hart
C. Lee Wilson
GIBSON, DUNN & CRUTCHER
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Email: mking@gibsondunn.com
nhart@gibsondunn.com
clwilson@gibsondunn.com

Matt Gregory
GIBSON, DUNN & CRUTCHER
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8547
Email: mgregory@gibsondunn.com

- and –

Mark Harris
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: 212.968.3530
Email: mharris@proskauer.com

**Opposing Attorneys**

Kyle J. Ortiz
David E. Blabey Jr.
Michael C. Blackmon
Rebecca Polinsky

HERBERT SMITH FREEHILLS KRAMER (US) LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212.715.9100;
Email: kyle.ortiz@hsfkramer.com
david.blabey@hsfkramer.com
michael.blackmon@hsfkramer.com
rebecca.polinsky@hsfkramer.com

# No. 26-2979

## United States Court of Appeals for the Second Circuit

REED SMITH LLP, *Appellant*,

v.

ELETSON HOLDINGS INC., *Appellee*.

---

On Appeal from the U.S. District Court for the Southern District of New York
No. 26-cv-08897 (Hon. Lewis J. Liman)

---

# No. 25-445

## United States Court of Appeals for the Second Circuit

ELETSON HOLDINGS INC., ELETSON CORPORATION, *Petitioners-Appellees*,

v.

LEVONA HOLDINGS LTD., *Respondent-Appellee*,

v.

REED SMITH LLP, *Interested-Party-Appellant*.

---

On Appeal from the United States District Court for the Southern
District of New York (Liman, J.), No. 1:23-cv-7331

---

# EMERGENCY MOTION OF REED SMITH LLP TO STAY THE BANKRUPTCY TURNOVER ORDER PENDING APPEALS

---

Marshall R. King
C. Lee Wilson
Nancy E. Hart
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mking@gibsondunn.com
clwilson@gibsondunn.com
nhart@gibsondunn.com

Matt Gregory
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
mgregory@gibsondunn.com

*Counsel for Appellant Reed Smith LLP in No. 26-2979*

Mark Harris
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3530
mharris@proskauer.com

*Counsel for Interested-Party-Appellant Reed Smith LLP in No. 25-445*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Reed Smith LLP states that it does not have any parent corporation, and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

PROCEDURAL BACKGROUND ........................................................................ 4

I. The Plan Confirmation Appeal ........................................................ 4

II. The District Court's First Turnover Order and This Court's Stay of That Order ........................................................................ 6

III. The Lower Courts' New Turnover Order ........................................ 8

JURISDICTION ........................................................................................ 10

ARGUMENT ............................................................................................ 11

I. Irreparable Harm ........................................................................ 12

II. Likelihood of Success .................................................................. 15

III. Balance of Harms ........................................................................ 19

IV. Public Interest ............................................................................ 21

CONCLUSION ........................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
814 F.3d 132 (2d Cir. 2016) ....................12

*Brenntag Int'l Chems., Inc. v. Bank of India*,
175 F.3d 245 (2d Cir. 1999) ....................12

*Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*,
964 F.2d 159 (2d Cir. 1992) ....................15, 21

*Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*,
598 F.3d 30 (2d Cir. 2010) ....................15

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023)....................4, 17

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*,
731 F. Supp. 3d 531 (S.D.N.Y. 2024) ....................4, 5

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982)....................4

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
485 U.S. 271 (1988)....................10

*In re City of New York*,
607 F.3d 923 (2d Cir. 2010) ....................15

*In re Eletson Holdings Inc.*,
2025 WL 2916904 (S.D.N.Y. Oct. 14, 2025)....................18

*In re Grand Jury Investigation*,
399 F.3d 527 (2d Cir. 2005) ....................21

*In re Long Island Lighting Co.*,
129 F.3d 268 (2d Cir. 1997) ....................15

*In re Search Warrant Issued June 13, 2019*,
942 F.3d 159 (4th Cir. 2019) .......................................................................15

*In re World Trade Ctr. Disaster Site Litig.*,
503 F.3d 167 (2d Cir. 2007) .........................................................................11

*Mahdawi v. Trump*,
136 F.4th 443 (2d Cir. 2025) .......................................................................11

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009)...................................................................................14, 15

*New York v. DHS*,
974 F.3d 210 (2d Cir. 2020) .........................................................................17

*Nken v. Holder*,
556 U.S. 418 (2009)........................................................................7, 10, 11, 15

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*,
91 N.Y.2d 30 (1997) ...................................................................................17

*SEC v. Citigroup Glob. Mkts. Inc.*,
673 F.3d 158 (2d Cir. 2012) .........................................................................20

*Tekni-Plex, Inc. v. Meyner & Landis*,
89 N.Y.2d 123 (1996) ...................................................................................18

*Trump v. Boyle*,
145 S. Ct. 2653 (2025).....................................................................................3

## Statutes, Rules, and Regulations

28 U.S.C. § 1292(a)(1)..................................................................................10

28 U.S.C. § 1651 ......................................................................................10, 11

## INTRODUCTION

In June 2025, this Court stayed the district court's order compelling Reed Smith to produce its client file to the purportedly reorganized Eletson Holdings ("Reorganized Holdings"), which claimed that it controlled Eletson Holdings as a result of a bankruptcy plan. Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1. The Court also denied a motion to dismiss Reed Smith's client's appeal arising from the bankruptcy confirmation order and ordered that the merits panel would decide "who controls Eletson Holdings, Inc." *Id.* at 2. Although the Court denied a broader stay of the bankruptcy and district court proceedings below, the Court cautioned that it "trust[ed] that both [the bankruptcy and district] courts would protect the privileged property at issue." *Id.* at 2-3.

This Court's stay remains in place. Reed Smith's appeal of the underlying turnover order is fully briefed and set for argument on December 16, 2026. Ex. 44, 2d Cir. Dkt. No. 25-445, ECF 147.1. Another Eletson-related appeal concerning whether the underlying bankruptcy plan became effective is set for tandem argument that same day, along with other pending and closely related appeals. Ex. 33, 2d Cir. Dkt. No. 25-176, ECF 151.1.

Despite this Court's prior stay order, including its expectation that the lower courts would protect the privileged property at issue, and imminent oral arguments in these pending appeals, the lower courts have once again ordered Reed Smith to

turn over its privileged client file to Reorganized Holdings. Those courts also refused to stay the order pending an appeal before this Court. The district court went further and modified the bankruptcy court's order to require Reed Smith to turn over the client file by October 30, 2026—i.e., in less than two weeks. In denying a stay pending appeal, the district court referred Reed Smith to this Court, stating that "it is up to Reed Smith to raise [its] concerns with the Second Circuit posthaste." Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 8-9.

Accordingly, this motion asks the Court for the same relief it granted last time: an order staying a lower-court order requiring Reed Smith to turn over privileged client files to Reorganized Holdings until the Court has resolved the threshold questions in pending appeals No. 25-176 and No. 25-445. The resolution of those appeals will determine whether Reed Smith is required to turn over its client files. A stay will protect this Court's jurisdiction over the appeals and prevent irreparable injury in the meantime. And in light of the rapidly approaching October 30, 2026 deadline to *complete* the production of the client files, the Court should also enter an immediate administrative stay while it considers this motion.[1]

---

[1] In an abundance of caution and to avoid any potential jurisdictional obstacles, Reed Smith is filing this motion for a stay both in pending appeal No. 25-445 (to enforce this Court's prior stay order) and in a new appeal from the district court's order below (to secure a stay pending that new appeal for the same reasons the Court gave previously). The sole purpose of this motion is to preserve the status quo pending this Court's decision in the appeals that are already pending; this

The decisions below seek to distinguish this Court's prior stay order by excluding the specific portions of Reed Smith's client file that the district court previously ordered Reed Smith to turn over. But that distinction is artificial; it flouts the substantive reasons justifying this Court's prior stay. *Cf. Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases."). Like the district court's first turnover order, the lower courts' new turnover order is premised on the assumption—challenged on appeal—that the reorganization plan became effective (a central and disputed issue in No. 25-176). The merits panel will address that issue on the merits. And like the district court's first turnover order, the new order requires Reed Smith to produce client files to a former adversary, in contravention of New York law (a central and disputed issue in No. 25-445).

Nor was there any good reason for once again attempting to force Reed Smith to turn over client files to Reorganized Holdings before this Court resolves these pending appeals on the merits. Reorganized Holdings is unable to identify any urgent need for these materials, as shown by its 22-*month* delay in moving to obtain them and its continued failure to identify any particular documents it needs before

---

motion will not require any delay in the argument scheduled for December 16 for those appeals.

this Court can hear argument on December 16 and reach a decision in the pending appeals.

The lower courts have not "protect[ed] the privileged property at issue." They have presumed the outcome of the bankruptcy appeal, notwithstanding this Court's denial of the motion to dismiss and express statement that the merits panel should decide the issue of control. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))). And they have sought to intrude into important attorney-client privileges that this Court protected. This Court should issue an immediate stay.

## PROCEDURAL BACKGROUND

### I. The Plan Confirmation Appeal

Eletson Holdings is a Greek shipping company. In March 2023, certain of its creditors, including Pach Shemen LLC, a special purpose entity controlled by Murchinson Ltd., a distressed debt investor, filed an involuntary bankruptcy petition for Eletson Holdings and certain affiliates.[2] *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 554 (S.D.N.Y. 2024). Eletson Holdings ultimately

[2] This brief refers to the debtors in the bankruptcy proceeding collectively as "Eletson Holdings."

consented to converting that proceeding into a voluntary bankruptcy under Chapter 11, but disputes between Eletson Holdings as the debtor-in-possession and Pach Shemen continued, with both parties proposing competing reorganization plans. *See id.* at 556. In November 2024, the bankruptcy court confirmed the creditors' proposed plan. Ex. 7, Bankr. Ct. Dkt. No. 23-10322, ECF 1223. That plan had certain conditions to effectiveness, but, upon effectiveness, would vest control of the reorganized Eletson Holdings with the creditors.

Ten days later, Eletson Holdings (represented by Reed Smith) appealed the confirmation decision to the district court. Ex. 19, Dist. Ct. Dkt. No. 24-08672, ECF 1. Shortly thereafter, however, the creditors purported to waive all remaining conditions to the bankruptcy plan's effectiveness, filed a notice of effectiveness, and asserted that they now controlled Eletson Holdings. Bankr. Ct. Dkt. No. 23-10322, ECF 1258. Reorganized Holdings then appeared in the district court and stipulated to dismissal of Eletson Holdings' appeal of the bankruptcy court's confirmation of the reorganization plan, which the district court granted in December 2024. Exs. 19, 29, Dist. Ct. Dkt. No. 24-08672, ECF 9, 20.

Eletson Holdings (represented by Reed Smith) then appealed the district court's dismissal order to this Court. Ex. 25, 2d Cir. Dkt. No. 25-176, ECF 1.1. Reorganized Holdings moved to dismiss the appeal. Ex. 26, 2d Cir. Dkt. No. 25-176, ECF 27. This Court denied that motion, referring to the merits panel the

question of "who controls Eletson Holdings, Inc., and what effect that control has on the appeal." Ex. 27, 2d Cir. Dkt. No. 25-176, ECF 50.1. That appeal is currently scheduled for argument on December 16. Ex. 33, *id.*, ECF 151.1.

## II. The District Court's First Turnover Order and This Court's Stay of That Order

Meanwhile, Eletson Holdings and Eletson Corp. had been litigating a separate action in the district court seeking confirmation of an arbitration award that had resolved a dispute between Eletson Holdings and Eletson Corp., on one hand, and Levona Holdings, Ltd., on the other; Levona cross-petitioned to vacate the award. Dist. Ct. Dkt. No. 23-07331. Levona is an affiliate of Pach Shemen, both of which the district court found are jointly owned and controlled by Murchinson Ltd.

In January 2025, Reorganized Holdings—which, as explained above, is ultimately controlled by Murchinson—moved for "the immediate turnover of all the materials provided by [Eletson Holdings] or its agents to Reed Smith in connection with this action and an order permitting inspection and copying of all materials created by Reed Smith during its representation of [Eletson Holdings]." Ex. 22, Dist. Ct. Dkt. No. 23-07331, ECF 243 at 1. The district court granted that motion, ordering Reed Smith to turn over to Reorganized Holdings "the entire file maintained by Reed Smith in any matter wherein it represented Eletson Corp. or Eletson Holdings in relation to the arbitration award, the enforcement thereof or the monetization of it and the disputes underlying the award." Ex. 23, Dist. Ct. Dkt. No. 23-07331, ECF

269; Ex. 24, *id.*, ECF 270 at 106:25-107:05. This brief refers to the portions of the client file subject to that initial turnover order as the "Vacatur Documents."

Reed Smith promptly appealed and moved for a stay pending appeal. Ex. 37, 2d Cir. Dkt. No. 25-445, ECF 20.1. Reed Smith argued that "the ordered turnover is premised on final consummation of the Bankruptcy Plan that has not occurred." *Id.* at 13-14 (discussing, for example, pending proceedings in the Court of First Instance in Athens, which has since refused to recognize Eletson Holdings' bankruptcy plan after finding it contrary to public policy). Reed Smith further argued that the turnover order disregarded New York law providing that "when a client changes or reorganizes and becomes controlled by an adversary, the client's law firm is not required to turn over documents related to matters against the adversary." *Id.* at 4; *see also id.* at 20-22. In addition, Reed Smith argued that it "has a lien against [Eletson Corp.] that negates any obligation to turn over the client files." *Id.* at 23.

This Court granted a stay (in the same order denying Reorganized Holdings' motion to dismiss Eletson Holdings' appeal in No. 25-176, *supra* at 5). The Court declined to decide the question of "who controls Eletson Holdings, Inc.," noted that "the district court's order directing turnover of [the Vacatur Documents] is immediately appealable," and found that the *Nken* factors supported Reed Smith's motion for a stay. *See* Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1 at 2 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The Court denied an additional request to stay further

proceedings in the district court and bankruptcy court, expressing its "trust that both courts will tailor their proceedings to protect the privileged property at issue." *Id.* at 3.

Reed Smith's appeal in No. 25-445 remains pending and is fully briefed. Earlier this month, the Court scheduled argument for that appeal as well as Eletson Holdings' plan-confirmation appeal for December 16, 2026, along with four other related appeals. Ex. 44, 2d Cir. Dkt. No. 25-445, ECF 147.1; Ex. 33, 2d Cir. Dkt. No. 25-176, ECF 151.1. Those appeals will resolve threshold questions such as who controls Eletson Holdings, who owns the privileged material in Reed Smith's client files, the application of New York law governing production of client files to a former adversary, and other issues closely related to those implicated by the lower courts' new order.

## III. The Lower Courts' New Turnover Order

Those pending appeals notwithstanding, in August 2026—22 months after plan confirmation—Reorganized Holdings filed a new motion in the bankruptcy court seeking an order that Reed Smith turn over Eletson Holdings' client files, meaning "the client files developed and maintained in the course of, or in connection with, [Reed Smith's] representation of [Eletson Holdings]." Ex. 9, Bankr. Ct. Dkt. No. 23-10322, ECF 2094 at 2.

About a month later, the bankruptcy court granted that motion, ordering Reed Smith to "turn over the documents comprising the Eletson Client Files once . . . [Reed Smith] has appealed but has not obtained a stay pending appeal." Ex. 13, Bankr. Ct. Dkt. No. 23-10322, ECF 2117 ¶ 14. The bankruptcy court carved out documents subject to this Court's existing stay, holding that Reed Smith "[is] not required to produce the Vacatur Documents within the Eletson Client files . . . pending the Second Circuit's decision in" appeal No. 25-445. *Id.* ¶ 11.

The bankruptcy court denied Reed Smith's motion to stay that order pending appeal. Ex. 14, Bankr. Ct. Dkt. No. 23-10322, ECF 2129. It rejected Reed Smith's reliance on this Court's prior stay order, reasoning in a footnote that "the Second Circuit granted the stay of the District Court's Turnover Order without commenting explicitly on any single fact," and pointing to a later order where this Court denied a stay of a separate order requiring Microsoft to allow Reorganized Holdings access to a server that included Eletson Holdings' documents. *Id.* at 3 n.6.

Reed Smith promptly appealed the new turnover order to the district court and again sought a stay. Exs. 2, 3, Dist. Ct. Dkt. No. 26-08897, ECF 3, 5. On October 16, the district court denied a stay. Ex. 1, *id.*, ECF 10. In addition, the district court directed the bankruptcy court to modify its order to require Reed Smith to complete the turnover of Eletson Holdings' client files in just two weeks—i.e., by October 30.

*Id.* at 8. On October 20, in accordance with the district court's direction, the bankruptcy court modified its turnover order. Bankr. Ct. Dkt. No. 23-10322, ECF 2137.

Like the bankruptcy court, the district court attempted to distinguish this Court's prior stay, reasoning that this Court gave "no explanation other than a citation to *Nken*," and noting that the bankruptcy court's order "specifically carved out from Reed Smith's production obligations" the specific privileged documents that were subject to the stay. Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 6-7. The court added that "[t]o the extent Reed Smith believes this Court and the Bankruptcy Court have erred and it has a basis to seek further relief, it is up to Reed Smith to raise such concerns with the Second Circuit posthaste." *Id.* at 8-9.

**JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1651, and its inherent power to enforce its own orders. 28 U.S.C. § 1292(a)(1) grants this Court jurisdiction "over orders that . . . have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) (internal citation omitted). Here, the district court's order denying a stay also compels the turnover of certain of Reed Smith's client files for Eletson Holdings by October 30, 2026—"directing an actor's conduct"—and therefore is independently reviewable under 28 U.S.C. § 1292(a)(1). *See Nken*, 556 U.S. at 428-29; *see also* Ex. 41, 2d Cir.

Dkt. No. 25-445, ECF 66.1 at 2 (holding that the district court's prior turnover order was "immediately appealable").

This Court also has jurisdiction under 28 U.S.C. § 1651 and its inherent power to protect its own jurisdiction and enforce its own orders because the district court's order denying a stay and compelling Reed Smith to turn over privileged documents by October 30, and the underlying bankruptcy court order, are ultimately reviewable in this Court; the lower courts' order conflicts with this Court's prior stay order, which referred the question of who controls Eletson Holdings to the merits panel and trusted the lower courts to protect the privileged property at issue; and that order would otherwise be effectively unreviewable.

## ARGUMENT

When considering a stay pending appeal, courts consider whether: (1) the applicant will be irreparably injured absent a stay; (2) the applicant is likely to succeed on the merits; (3) the stay will substantially injure other parties; and (4) the public interest supports granting the stay. *See Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025) (citing *Nken*, 556 U.S. at 434). The first two factors are the "most critical." *Id.* (quotations and citations omitted). Nevertheless, "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503

F.3d 167, 170 (2d Cir. 2007) (quotations and citations omitted). Here, all four factors support granting a stay.

## I. Irreparable Harm

Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999). As relevant here, counsel has an ethical obligation to preserve against disclosure all confidential client information obtained during the attorney-client relationship. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016). Producing privileged materials can have irreversible consequences: once the materials have been disclosed, the confidentiality that the privilege protects is largely destroyed.

Here, Reed Smith will suffer irreparable harm if it is forced to turn over portions of its client file to Reorganized Holdings before this Court can resolve two pending appeals implicating: (1) whether Reed Smith should be required to turn over its client files (or portions thereof) to Reorganized Holdings, which is controlled by Eletson Holdings' prior adversary; and (2) whether Reorganized Holdings is Eletson Holdings' successor as a result of the bankruptcy plan. The pending appeal in No. 25-445 implicates both questions. And the pending appeal in No. 25-176

likewise implicates the question of "who controls Eletson Holdings, Inc., and what effect that control has on the appeal[s]." Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1 at 2.

This Court previously recognized that Reed Smith would suffer irreparable harm, issuing an order staying the district court's first turnover order and instructing the lower courts to "tailor their proceedings to protect the privileged property at issue" while this Court considers these issues on the merits. *Id.* at 2-3. The order below fails to heed those instructions and requires Reed Smith to turn over portions of Eletson Holdings' client files to Reorganized Holdings before this Court can hear oral argument and issue its decision. Absent another stay, any rulings in Reed Smith's or Eletson Holdings' favor would come too late.

The district court held that Reorganized Holdings owns the privilege attached to the client files for Eletson Holdings and that turning those documents over to Reorganized Holdings therefore cannot cause harm. Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 6-7. But the very premise of that holding—that Reorganized Holdings owns the privilege—is the issue pending on appeal in this Court, which this Court stated should be decided by the merits panel. Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1 at 2.

The district court also attempted to distinguish this Court's prior stay order on the ground that it concerned different documents—i.e., the Vacatur Documents—

rather than the rest of Eletson Holdings' client files. Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 6-7. But the underlying irreparable harm is exactly the same as before. An order compelling Reed Smith to produce one subset of privileged, confidential files to the other side of an ownership dispute before this Court can decide that dispute on appeal harms Reed Smith just as much as an order to produce a different subset of those same files. Nothing in this Court's prior stay order turned on the specific content of the privileged and confidential documents. Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1 at 2.

The district court, citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009), also concluded that the improper disclosure of privileged materials is not irreparable because appellate courts can remedy such disclosure by, for example, remanding for a new trial excluding the privileged materials. Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 4. But Reorganized Holdings made the exact same argument in seeking to dismiss Reed Smith's appeal of the first turnover order. Ex. 38, 2d Cir. Dkt. No. 25-445, ECF 32.1 at 12-13. This Court correctly rejected it, holding that the order was "immediately appealable," and that the factors supporting a stay pending appeal were satisfied. Ex. 41, *id.*, ECF 66.1 at 2.

The Court should reject the argument here too. In *Carpenter*, the Supreme Court acknowledged that compelled disclosure *can* sometimes harm parties in ways that cannot be perfectly repaired later on, and the Court preserved, for example,

mandamus review for serious errors. 558 U.S. at 107, 111-12; *see also In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 175 (4th Cir. 2019) (harm to law firm was "plainly irreparable" where government seized and sought to review privileged documents). Accordingly, this Court has granted mandamus review of orders compelling the production of privileged material to "prevent the irreparable harm" that would otherwise result. *In re City of New York*, 607 F.3d 923, 929 (2d Cir. 2010) (granting mandamus relief from order compelling disclosure of materials protected by law-enforcement privilege); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (similar as to attorney-client privilege); *In re Long Island Lighting Co.*, 129 F.3d 268, 271 (2d Cir. 1997) (similar).

## II. Likelihood of Success

A movant may satisfy the likelihood-of-success factor by showing either a likelihood of success on the merits or "sufficiently serious questions going to the merits," where "the balance of hardships tip[s] decidedly toward the party requesting preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-37 & n.7 (2d Cir. 2010) (quotations omitted). Here, either standard is satisfied—as this Court already implicitly concluded in granting a stay previously. *See* Ex. 41, 2d Cir. Dkt. No. 25-445, ECF 66.1 at 2 (citing *Nken*, 556 U.S. at 434).

Like the district court's first turnover order, the lower courts' new order hinges on the assumption that Reorganized Holdings owns Eletson Holdings' property and privilege—which is the subject of the appeals scheduled for argument on December 16. In those fully briefed appeals, appellants argue that "the [bankruptcy plan] has not gone effective because fundamental conditions to its effectiveness both outlined in the Plan and imposed by law remain unsatisfied"—including, in particular, the recognition of the plan's confirmation by foreign authorities. Ex. 42, 2d Cir. Dkt. No. 25-445, ECF 100.1 at 24-25. If this Court agrees, Reorganized Holdings' current management, which is Eletson Holdings' adversary in the bankruptcy proceedings, has no claim to the Vacatur Documents or the broader set of client files that are subject to the lower courts' new turnover order.

In the proceedings below, Reorganized Holdings pointed to an intervening decision by the Piraeus Court of Appeal in Greece issued on October 6, 2026, arguing that the latter rejected Reed Smith's challenges to plan confirmation. Ex. 4, Dist. Ct. Dkt. No. 26-08897, ECF 7 ¶ 46. But Eletson Holdings has explained that the Piraeus decision neither addresses Eletson Holdings' "capacity to be subject to bankruptcy proceedings" under Greek law nor disturbs a separate August 2025 decision of a three-judge court in Athens, which refused to recognize the bankruptcy plan after finding it "contrary to national public policy," "contrary to the fundamental

legal and political concepts of national legal order," and in "manifest conflict with public policy." Ex. 35, 2d Cir. Dkt. No. 25-176, ECF 154.1.

In any event, this Court will soon decide the effect of the Piraeus decision (if any) on the dispute between Eletson Holdings and Reorganized Holdings after it hears argument on the merits; it is not dispositive of this motion for a stay, which seeks only to preserve the status quo while this Court considers these and related issues. The lower courts should not have taken it upon themselves to resolve these issues while they are on appeal in this Court. *See Coinbase*, 599 U.S. at 740; *New York v. DHS*, 974 F.3d 210, 215 (2d Cir. 2020) ("The filing of a 'timely and sufficient notice of appeal' divests the district court of jurisdiction 'as to any matters involved in the appeal' or 'as to the matters covered by the notice.' (citation omitted)).

In addition, as in the district court's first turnover order, the new turnover order requires Reed Smith to provide privileged files to its client's former adversary. This exact issue remains pending in appeal No. 25-445. Counsel has no duty to disclose its client files if doing so "might violate a duty of nondisclosure owed to a third party, or otherwise imposed by law." *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 37 (1997). Under *Tekni-Plex Inc. v. Meyner & Landis*, when a client becomes controlled by an adversary, counsel is not required to produce documents related to matters against the adversary. *See* 89 N.Y.2d 123, 136-39 (1996).

Finally, the lower courts' new turnover order conflicts with this Court's instructions in granting Reed Smith a stay of the district court's first turnover order, denying a broader stay of the proceedings below, but cautioning the lower courts to "tailor their proceedings to protect the privileged property at issue." Ex. 27, 2d Cir. Dkt. No. 25-176, ECF 50.1 at 3. That "privileged property at issue" necessarily encompassed the broader set of privileged communications in Reed Smith's client files at issue here, since this Court had already entered a stay as to the district court's order requiring Reed Smith to turn over the Vacatur Documents (i.e., the documents the lower courts carved out from their new turnover order).

Far from being "tailor[ed]" to "protect the privileged property at issue," the lower courts' order flouts this Court's expectations. The lower courts compelled Reed Smith to turn over to Reorganized Holdings *all* of the remaining "privileged property at issue," carving out *only* the documents covered by the Court's prior stay, for reasons that are more or less identical to arguments that this Court previously rejected in granting a stay.

The district court also pointed to a separate order issued by this Court denying Reed Smith's motion to stay the bankruptcy court's order authorizing Microsoft to grant Reorganized Holdings access to Eletson Holdings' digital accounts. Ex. 1, Dist. Ct. Dkt. No. 26-08897, ECF 10 at 7-8 (citing *In re Eletson Holdings Inc.*, 2025 WL 2916904, at *1 (S.D.N.Y. Oct. 14, 2025)); *see* Ex. 8, Bankr. Ct. Dkt. No. 23-

10322, ECF 1691. But the Microsoft order involved fundamentally distinct issues. Unlike Reed Smith's client files, the documents subject to the Microsoft order were in Eletson Holdings' own digital accounts maintained by Microsoft, a third party that is not obligated to maintain client confidences to the same degree as legal counsel such as Reed Smith. And even as it denied the Microsoft-related stay, this Court did *not* alter its existing stay of the district court's order compelling Reed Smith to turn over portions of its client file. As the lower courts' new turnover order also concerns client files in Reed Smith's possession, this Court should likewise stay that turnover order now.

Indeed, in opposing the stay of the Microsoft order, Reorganized Holdings itself relied on the distinction between client files in Reed Smith's possession and client files in Eletson Holdings' own accounts, arguing that "the Court did not in any way limit Eletson's ability to use its own documents on its own corporate server," and that the Microsoft order "derive[d] from different legal rights and their obligations and are not identical." Ex. 29, 2d Cir. Dkt. No. 25-445, ECF 83.1 at 3, 14.

## III. Balance of Harms

Nor will Reorganized Holdings suffer any harm from an order pausing the turnover of Reed Smith's client file while this Court decides the fully briefed appeals that will resolve one way or the other whether Reorganized Holdings is entitled to those files in the first place. Argument in those appeals will occur in less than two

months—on December 16. A stay that maintains the status quo in the meantime does not cause substantial injury. *See SEC v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 168 (2d Cir. 2012) (finding that granting a stay would not substantially injure others as it "does nothing more than maintain the status quo existing prior to the district court's order"). Moreover, Reorganized Holdings moved to obtain the Vacatur Documents in Reed Smith's client files seven weeks after the bankruptcy plan was confirmed but then waited 20 months to move again for an order compelling Reed Smith to produce the remaining documents in its client file. That delay undercuts any claimed urgency.

Reorganized Holdings' sweeping, undifferentiated demand for Eletson Holdings' client file further underscores the lack of urgency or concrete harm resulting from a stay while this Court considers the merits of threshold questions including: (1) whether the bankruptcy plan is effective; and (2) whether, even if the plan is effective, Reed Smith is required to turn over its client file to Reorganized Holdings. Reorganized Holdings' new demand for those materials remains wholly generalized: it has repeatedly refused to identify any specific documents or categories of documents that it needs for legitimate business or other reasons that are so urgent that Reorganized Holdings cannot wait until this Court decides the pending appeals. If any such reason had existed, Reorganized Holdings should have filed a motion in this Court seeking to lift the stay of the district court's original turnover order, not a

new request in the bankruptcy court premised on the same legal arguments Reorganized Holdings raised before and this Court considered when it granted Reed Smith's motion for a stay.

## IV. Public Interest

The public-interest factor favors a stay pending appeal where, as here, a lower court's order implicates the compelled production of privileged materials. "[T]he generally acknowledged purpose of the privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *In re Grand Jury Investigation*, 399 F.3d 527, 531 (2d Cir. 2005) (quotation marks omitted). And "requiring a litigant to turn over documents subject to a claim of attorney-client privilege to opposing counsel, without a judicial ruling on the merits of the claim, will undermine the attorney-client privilege." *Chase Manhattan Bank*, 964 F.2d at 166 (granting mandamus relief and staying lower court's order).

Here, the decisions below require Reed Smith to prematurely turn over privileged client files to the other side in ongoing litigation, despite multiple pending appeals that will decide the threshold questions determining whether Reorganized Holdings is entitled to those files. The public interest is best served by determining those issues on appeal, on the merits, as this Court previously recognized in granting a stay in this same dispute under these same circumstances.

## CONCLUSION

For these reasons, the Court should stay the bankruptcy court's order, modified by the district court, compelling Reed Smith to turn over its client file to Reorganized Holdings. The Court should grant an immediate administrative stay while it considers this motion.

Dated: New York, New York
October 21, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Mark Harris*
Marshall R. King
mking@gibsondunn.com
Nancy E. Hart
nhart@gibsondunn.com
C. Lee Wilson
clwilson@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Matt Gregory
mgregory@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8547

- and –

PROSKAUER ROSE LLP

Mark Harris
mharris@proskauer.com
Eleven Times Square
New York, NY 10036-8299
Telephone: 212.969.3530

*Attorneys for Reed Smith LLP*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 5175 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Dated: October 21, 2026

*/s/ Mark Harris*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I have served the foregoing *Emergency Motion of Reed Smith LLP to Stay the Bankruptcy Turnover Order Pending Appeals* with the Clerk of the Court by using this Court's CM/ECF system on October 21, 2026.

*/s/ Mark Harris*

# No. 26-2979

## United States Court of Appeals for the Second Circuit

REED SMITH LLP, *Appellant*,

v.

ELETSON HOLDINGS INC., *Appellee*.

---

On Appeal from the U.S. District Court for the Southern District of New York
No. 26-cv-08897 (Hon. Lewis J. Liman)

---

# No. 25-445

## United States Court of Appeals for the Second Circuit

ELETSON HOLDINGS INC., ELETSON CORPORATION, *Petitioners-Appellees*,

v.

LEVONA HOLDINGS LTD., *Respondent-Appellee*,

v.

REED SMITH LLP, *Interested-Party-Appellant*.

---

On Appeal from the United States District Court for the Southern
District of New York (Liman, J.), No. 1:23-cv-7331

---

**APPENDIX TO EMERGENCY MOTION OF REED SMITH LLP TO STAY THE BANKRUPTCY TURNOVER ORDER PENDING APPEALS**

---

Marshall R. King
C. Lee Wilson
Nancy E. Hart
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mking@gibsondunn.com
clwilson@gibsondunn.com
nhart@gibsondunn.com

Matt Gregory
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
mgregory@gibsondunn.com

*Counsel for Appellant Reed Smith LLP in No. 26-2979*

Mark Harris
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3530
mharris@proskauer.com

*Counsel for Interested-Party-Appellant Reed Smith LLP in No. 25-445*

## I. Relevant Parts of the Record

*Reed Smith LLP v. Eletson Holdings Inc.*, Case No. 26-08897 (S.D.N.Y.)
(the District Court Appeal of the Bankruptcy Turnover Order)

| Ex. No. | Date Entered | Dkt. No. | Description |
|---|---|---|---|
| *Order on Appeal* | | | |
| 1. | 10/16/2026 | 10 | Memorandum and Order |
| *Relevant Filings* | | | |
| 2. | 10/8/2026 | 3 | Notice of Reed Smith LLP's Motion to Stay the Bankruptcy Turnover Order Pending Appeals |
| 3. | 10/8/2026 | 5 | Memorandum of Law in Support of Reed Smith's Motion to Stay the Bankruptcy Turnover Order Pending Appeals |
| 4. | 10/14/2026 | 7 | Eletson Holdings Inc.'s Opposition to Reed Smith LLP's Motion to Stay the Bankruptcy Court Turnover Order Pending Appeals |
| 5. | 10/15/2026 | 8 | Reply in Support of Reed Smith LLP's Motion to Stay the Bankruptcy Turnover Order pending Appeals |

*In re Eletson Holdings Inc.*, Case No. 23-10322 (Bankr. S.D.N.Y.)
(the Bankruptcy Case)

| Ex. No. | Date Entered | Dkt. No. | Description |
|---|---|---|---|
| 6. | 7/8/2024 | 846 | Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and Its Affiliated Debtors (the "Plan") |
| 7. | 11/4/2024 | 1223 | Findings of Fact, Conclusion of Law, And Order Confirming Petitioning Creditors' |

| | | | |
|---|---|---|---|
| | | | Amended Joint Chapter 11 Plan of Eletson Holdings Inc. and Its Affiliated Debtors |
| 8. | 6/11/2025 | 1691 | Order Authorizing and Directing Microsoft Corporation to Provide Administrator Level Account Access to Eletson Holdings, Inc. and Its Designee (the "Microsoft Order") |
| 9. | 8/14/2026 | 2094 | Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under § 542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege (the "Bankruptcy Turnover Motion") |
| 10. | 8/25/2026 | 2100 | Reed Smith LLP's Opposition to Motion for an Order Authorizing Turnover Under § 542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege |
| 11. | 8/28/2026 | 2104 | Eletson Holdings Inc.'s Reply to Reed Smith LLP's Objection to Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under 542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege |
| 12. | 9/15/2026 | 2116 | Memorandum Opinion and Order Granting Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under § 542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege (the "Bankruptcy Turnover Opinion") |
| 13. | 9/15/2026 | 2117 | Order (I) Authorizing Turnover of the Eletson Client Files and (II) Confirming Transfer of Attorney-Client Privilege (the "Bankruptcy Turnover Order") |
| 14. | 9/30/2026 | 2129 | Order Denying Reed Smith LLP's Motion to Stay the Bankruptcy Court Turnover Order Pending Appeals |

| | | | |
|---|---|---|---|
| 15. | 9/22/2026 | 2120 | Reed Smith LLP's Motion to Stay the Bankruptcy Court Turnover Order Pending Appeals |
| 16. | 9/25/2026 | 2123 | Eletson Holdings Inc.'s Objection to Reed Smith LLP's Motion to Stay the Bankruptcy Court Turnover Order Pending Appeals |
| 17. | 9/29/2026 | 2127 | Reed Smith's Notice of Appeal and Statement of Election [of the Bankruptcy Turnover Order] |
| 18. | 10/20/2026 | 2137 | Amended Order (I) Authorizing Turnover of the Eletson Client Files and (II) Confirming Transfer of Attorney-Client Privilege |

*In re Eletson Holdings Inc.*, Case No. 24-08672 (S.D.N.Y.)
(the District Court Appeal of Plan Confirmation)

| Ex. No. | Date Entered | Dkt. No. | Description |
|---|---|---|---|
| 19. | 11/14/2024 | 1 | Debtors' Notice of Appeal of Confirmation Opinion |
| 20. | 11/25/2024 | 9 | Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure |
| 21. | 12/30/2024 | 20 | Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure (Entered) |

*Eletson Holdings, Inc. et al. v. Levona Holdings Ltd.*, Case No. 23-cv-07331-LJL (S.D.N.Y.) (the Vacatur Proceeding)

| Ex. No. | Date Entered | Dkt. No. | Description |
|---|---|---|---|
| 22. | 1/7/2025 | 243 | Memorandum of Law in Support of Motion of Petitioners Eletson Holdings Inc. and Eletson Corp. for an Order Displacing Reed Smith LLP as Counsel of Record and Requiring that Reed Smith LLP Turn Over the Eletson Client File to Substitute Counsel |
| 23. | 2/14/2025 | 269 | Order (the "District Turnover Order") |
| 24. | 2/19/2025 | 270 | Feb. 19, 2025 Hr'g Tr. |

*In re Eletson Holdings, Inc.*, Case No. 25-0176 (2d Cir.) (the Plan Confirmation Appeal)

| Ex. No. | Date Entered | Dkt. No. | Description |
|---|---|---|---|
| 25. | 1/23/2025 | 1.1 | Notice of Bankruptcy Appeal |
| 26. | 4/17/2025 | 27.1 | Appellant Eletson Holdings Inc.'s Motion to Strike Unauthorized Notice of Appeal and Dismiss the Appeal or, Alternatively, to Remand to the District Court |
| 27. | 6/25/2025 | 50.1 | Motion Order (the "Second Circuit's Stay") |
| 28. | 8/27/2025 | 75.1 | Emergency Motion to Stay Order Granting Motion to Compel Production of Privileged Documents |

| | | | |
|---|---|---|---|
| 29. | 9/3/2025 | 78.1 | Response to Reed Smith LLP's Emergency Motion to Stay Order Granting Motion to Compel |
| 30. | 9/5/2025 | 79.1 | Appellants' Reply in Support of Emergency Motion to Stay Order Granting Motion to Compel Production of Privileged Documents |
| 31. | 9/17/2025 | 80.1 | Order |
| 32. | 10/31/2025 | 93.1 | Motion Order |
| 33. | 10/2/2026 | 151.1 | Order |
| 34. | 10/9/2026 | 153.1 | Fed. R. App. P. 28(j) Letter from Appellees to the Court |
| 35. | 10/14/2026 | 154.1 | Fed. R. App. P. 28(j) Letter from Appellant to the Court |

*Eletson Holdings Inc., et al. v. Levona Holdings Ltd.*, Case No. 25-445 (2d Cir.)
(the District Court Turnover Order Appeal)

| | **Date Entered** | **Dkt. No.** | **Description** |
|---|---|---|---|
| 36. | 2/26/2025 | 1.1 | Notice of Civil Appeal |
| 37. | 3/12/2025 | 20.1 | Emergency Motion for Stay Pending Appeal |
| 38. | 3/20/2025 | 32.1 | Petitioners-Appellees' Motion to Dismiss |
| 39. | 3/31/2025 | 43.1 | Reed Smith's Opposition to Petitioners-Appellees' Motion to Dismiss |
| 40. | 4/7/2025 | 46.1 | Reply Memorandum in Further Support of Petitioners-Appellees' Motion to Dismiss |
| 41. | 6/25/2025 | 66.1 | Motion Order (the "Second Circuit's Stay") |

| | | | |
|---|---|---|---|
| 42. | 9/30/2025 | 100.1 | Brief and Special Appendix for Interest-Party-Appellant |
| 43. | 10/31/2025 | 105.1 | Motion Order |
| 44. | 10/2/2026 | 147.1 | Order |

Dated: New York, New York
October 21, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: *<u>/s/ Mark Harris</u>*
Marshall R. King
mking@gibsondunn.com
Nancy E. Hart
nhart@gibsondunn.com
C. Lee Wilson
clwilson@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Matt Gregory
mgregory@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8547

- and –

PROSKAUER ROSE LLP

Mark Harris
mharris@proskauer.com
Eleven Times Square
New York, NY 10036-8299
Telephone: 212.969.3530

*Attorneys for Reed Smith LLP*